OPINION
{¶ 1} Appellants Bonnie Hillyer and Barry Hillyer appeal the February 16, 2006 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, Juvenile Division, which granted the Motion to Vacate Legal Custody filed by appellee Tuscarawas County Department of Jobs and Family Services ("the department").
 STATEMENT OF THE FACTS AND CASE {¶ 2} On or about August 25, 2005, Ryan Murphy (DOB 4/21/04) was placed in the care of his maternal aunt and uncle, Bonnie and Barry Hillyer. On August 31, 2005, the department filed a Complaint for Neglect and Dependency relative to Ryan, whose natural parents are Nathan Murphy ("father") and Tonya Heade ("mother"). Via Judgment Entry filed September 16, 2004, the trial court granted temporary custody of Ryan to the Hillyers under the protective supervision of the department.
 {¶ 3} On January 6, 2005, the department filed a Motion to Modify Prior Disposition, moving the trial court for an order modifying the trial court's disposition of temporary custody to a disposition of legal custody. Mother objected to the department's motion and the trial court set the matter for hearing. At the March 30, 2005 hearing, the department voluntarily withdrew its motion as Ryan's parents were complying with their case plan. On August 5, 2005, the department renewed its Motion to Modify Prior Disposition. Both parents opposed the motion. The trial court scheduled a hearing before the magistrate on November 15, 2005. Neither parent appeared at the November 15, 2005 hearing. Counsel for both parents reported neither had responded to attempts at communication with the attorneys and neither had attended scheduled appointments. Via Judgment Entry filed November 17, 2005, the magistrate found it in Ryan's best interest to be placed in the legal custody of the Hillyers. The trial court signed this entry.
 {¶ 4} Upon mother's request for findings of fact and conclusions of law, the magistrate issued a decision on November 30, 2005, and recommended Ryan be placed in the legal custody of the Hillyers. Mother filed timely objections to the magistrate's decision. The trial court scheduled a hearing on mother's objections. Shortly before the objection hearing, the department filed a Motion to Vacate Legal Custody. In the motion, the department advised the trial court it had recently received a report of a domestic violence incident which occurred in the home of the Hillyers and involved Bonnie Hillyer and her seventeen year old daughter, Shalee Arnold. The trial court conducted a shelter care hearing relative to appellants' biological children as well as Ryan. The following evidence was adduced at the hearing.
 {¶ 5} Cindy Castellano, an investigator with the department, testified she met with appellants the afternoon prior to the hearing about concerns over a Sheriff's report received by the department regarding an incident between Bonnie and Shalee on February 10, 2006. The report made to the on-call worker at the department indicated a physical altercation between Bonnie and her daughter. When Castellano asked Bonnie about the incident, Bonnie denied such had happened. Shalee, on the other hand, informed Castellano Bonnie had punched her in the mouth. Castellano noted she had some concerns about Ryan remaining in the home based upon her investigation.
 {¶ 6} On cross-examination, Castellano acknowledged she was unaware of any earlier reports Bonnie had made to the Sheriff's Department regarding Shalee's unruliness. Castellano also conceded, during her involvement with appellants, she had never seen either Bonnie or Barry Hillyer engage in any inappropriate behavior with Ryan.
 {¶ 7} Bonnie Hillyer testified regarding her relationship with Shalee, who had recently given birth to a baby girl. Bonnie noted she has provided everything for Shalee and the baby since the baby's birth on January 10, 2006. Bonnie explained shortly after the baby's birth, she began to have problems with Shalee's boyfriend due to his inappropriate conversations with the Hillyer's thirteen year old daughter, Shatel. Bonnie advised the boyfriend he was no longer welcome in the home. Thereafter, Shalee became unruly, refusing to complete her schoolwork and taking the car without permission. Shalee often swore at and called her mother names. Bonnie testified she called the Sheriff's Department on February 10, 2006, and February 13, 2006, to report Shalee's unruliness. With respect to the incident on February 10, 2006, which precipitated the hearing, Bonnie denied striking Shalee. When asked by the trial court whether this incident was reflective of her and her husband as parents, Bonnie responded Shalee's behavior did not look good for them.
 {¶ 8} Shalee Arnold also testified at the hearing. She stated she and Bonnie were arguing and yelling during the incident on February 10, 2006, but neither one hit the other. Shalee specifically stated Bonnie never hit her. Shalee acknowledged she was unruly in her parents' home. On cross-examination, Shalee admitted she told Juvenile Probation a different version of the incident the day before the hearing. When questioned by the trial court whether she had a fight with Barry Hillyer on the same day, Shalee acknowledged she lost her temper, began to yell at him and ultimately threw her shoes at him. Shalee also conceded she told her mother if she had a gun she would kill her father.
 {¶ 9} At the close of evidence, the trial court ordered Ryan to be immediately removed from the Hillyer's home. Via Judgment Entry filed February 16, 2006, the trial court journalized its decision and granted the department's motion to vacate legal custody. The judgment entry also vacated the magistrate's November 30, 2005 decision.
 {¶ 10} It is from this judgment entry appellants appeal, raising the following assignments of error:
 {¶ 11} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING TCDJFS'S MOTION TO VACATE THE MAGISTRATE'S DECISION GRANTING CUSTODY OF RYAN TO THE HILLYERS BECAUSE A MAGISTRATE'S DECISION IS NOT A "FINAL JUDGMENT" UNDER CIV.R. 60(B).
 {¶ 12} "II. EVEN IF CIV.R. 60(B) ALLOWED A COURT TO VACATE A MAGISTRATE'S DECISION, WHICH IT DOES NOT, THE TRIAL COURT'S DECISION TO DO SO HERE AMOUNTED TO AN ABUSE OF DISCRETION."
 I {¶ 13} In their first assignment of error, the Hillyers submit the trial court erred in granting the department's motion to vacate as the magistrate's November 30, 2005 Decision was not a final judgment under Civ. R. 60(B).
 {¶ 14} A motion to vacate lies only from a final judgment or order. Civ. R.60(B). Because the trial court had not ruled on Ryan's mother's objections to the magistrate's November 30, 2005 Decision, said decision was not a final order. As such, a motion to vacate that decision was not the proper vehicle in which to challenge it. Although the labeling of the department's motion to vacate was not correct, the trial court still had subject matter jurisdiction pursuant to Juv. R.40 to vacate, modify, or adopt the magistrate's decision in light of mother's pending objections thereto. The Hillyers ask us to elevate form over substance, which this Court is not want to do.
 {¶ 15} The Hillyers' first assignment of error is overruled.
 II {¶ 16} In their second assignment of error, the Hillyers submit assuming, arguendo, the trial court properly allowed the department's motion to vacate, the trial court's decision was an abuse of discretion. We disagree.
 {¶ 17} Initially, we note hearsay evidence is permitted during the dispositional phase of a juvenile matter. The evidence presented at the hearing substantiated the allegations of abuse in the Hillyer's home. In an effort to explain the February 10, 2006 incident with her daughter, Bonnie Hillyer painted a picture of a chaotic household. The trial court was free to consider this most recent event when determining the best interest of Ryan.
 {¶ 18} The Hillyer's second assignment of error is overruled.
 {¶ 19} The judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division is affirmed.
Hoffman, J. Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division is affirmed. Costs assessed to appellant.